**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4053-15T3

MICHAEL SUKENIK,

    Plaintiff-Appellant,

v.

MARINA DIZIK,

    Defendant-Respondent.

_____

Argued May 15, 2017 — Decided  June 7, 2017

Before Judges Currier and Geiger.

On appeal from Superior Court of New Jersey,
Law Division, Special Civil Part, Bergen
County, Docket No. DC-14769-15.

Michael Confusione argued the cause for
appellant (Hegge & Confusione, LLC, attorneys;
Mr. Confusione, of counsel and on the brief).

Marina Ginzburg argued the cause for
respondent (Ruiz Doolan Law Firm, LLC,
attorneys; Ms. Ginzburg, on the brief).

PER CURIAM

Plaintiff Michael Sukenik appeals from a May 5, 2016 order

granting defendant Marina Dizik's motion for involuntary dismissal

at the close of the presentation of plaintiff's case.  We affirm.

Plaintiff was the sole witness to testify at the Special Civil Part trial. He testified he and defendant dated for approximately one and one half years. Beginning in January 2014, they spent every weekend and holiday together, with plaintiff frequently staying overnight in defendant's home. Plaintiff moved into defendant's home on February 8, 2015.

Plaintiff claimed he spent substantial sums not only on mutual expenses such as vacations and dinners, but also on needed improvements to defendant's home and property because the home was in poor condition. The improvements included replacing windows and undertaking interior and exterior repairs. Plaintiff testified he spent $8,850.36 for materials and a sprinkler system repair. The bills he incurred and his credit card statements were admitted into evidence. Plaintiff also contributed his labor, which he valued at $3,000, and $1,500 per month toward the mortgage payment.

According to plaintiff, the relationship ended shortly after he underwent major kidney surgery on June 18, 2015, when defendant demanded he move out of her home. Two months after moving out, plaintiff filed this action seeking recovery for his expenses and the value of his time spent undertaking the home improvements. He claimed damages totaling $11,850.36. Defendant denied liability, contending that the improvements made to her home were gifts.

Plaintiff's trial testimony was sparse. Noticeably absent was any testimony that defendant asked plaintiff to undertake the home improvements, promised to pay him for his services, or promised to reimburse him for his expenditures. Nor was there any evidence that plaintiff expected to be paid for his labor or reimbursed for his costs. When asked whether he had a contract or written agreement with defendant, plaintiff testified he was not in that kind of business relationship with her. Similarly, his answers to interrogatories omitted reference to any contract or agreement with defendant. In fact, plaintiff admitted that defendant never promised to pay him, or to give him anything of value, in exchange for the windows he installed or the other repairs that he performed. Plaintiff candidly admitted it was because of the nature of their break-up that he needed to recover, at least partially, what he invested to improve defendant's home.

Defendant moved for an involuntary dismissal under Rule 4:37-2(b) at the close of plaintiff's case. In an oral decision, the trial judge granted the motion, dismissing the complaint with prejudice.

On appeal, plaintiff contends the trial judge erred by dismissing his case because he was entitled to recover damages under the doctrines of unjust enrichment, detrimental reliance, quantum meruit, and quasi-contract. Defendant contends the judge

A-4053-15T3

properly dismissed plaintiff's claims, arguing that the improvements were unconditional gifts. Defendant further contends: (1) there was no contract between the parties that would allow plaintiff to recover; (2) the doctrine of unjust enrichment does not apply to irrevocable gifts; (3) the theories of quantum meruit and quasi-contact do not apply when there is no expectation between the parties of repayment; and (4) the doctrine of detrimental reliance does not apply as defendant made no promises to plaintiff.

"A motion for involuntary dismissal is premised 'on the ground that upon the facts and upon the law the plaintiff has shown no right to relief.'" ADS Assoc. v. Oritani Sav. Bank, 219 N.J. 496, 510 (2014) (quoting R. 4:37-2(b)). The "motion shall be denied if the evidence, together with legitimate inferences therefrom, could sustain a judgment in plaintiff's favor." Ibid. (quoting R. 4:37-2(b)). "If the court, accepting as true all the evidence which supports the position of the party defending against the motion and according him the benefit of all inferences which can reasonably and legitimately be deduced therefrom, finds that reasonable minds could differ, then the motion must be denied." Id. at 510-11 (citation omitted). "Stated differently, dismissal is appropriate when no rational [factfinder] could conclude from the evidence that an essential element of the plaintiff's case is

4

present." Pressler & Verniero, Current N.J. Court Rules, comment 2.1 on R. 4:37-2(b) (citing Pitts v. Newark Bd. of Educ., 337 N.J. Super. 331, 340 (App. Div. 2001)). "An appellate court applies the same standard when it reviews a trial court's grant or denial of a Rule 4:37-2(b) motion for involuntary dismissal." ADS Assoc., supra, 219 N.J. at 511.

"A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). We review a trial court's interpretation and application of the law de novo. ADS Assoc., supra, 219 N.J. at 511.

We are satisfied that the trial judge's grant of defendant's motion for an involuntary dismissal was appropriate as plaintiff presented insufficient evidence to sustain his burden of proof on his causes of action. Plaintiff did not enter into a contract with defendant. Defendant did not promise to reimburse plaintiff for the cost of materials or the value of his labor. Plaintiff had no expectation of renumeration or compensation for undertaking the improvements. Plaintiff has not shown detrimental reliance. The home improvements were not undertaken in contemplation of any future event. Instead, they were unconditional gifts that were complete upon delivery. See Jennings v. Cutler, 288 N.J. Super.

553, 562 (App. Div. 1996) (boyfriend's actions manifested his intent to give girlfriend mortgage as gift); see also In re Dodge, 50 N.J. 192, 216 (1967); Pascale v. Pascale, 113 N.J. 20, 29 (1988). Accordingly, there is no basis for equitable recovery under the theories of unjust enrichment, quantum meruit, or quasi-contract. The trial court correctly determined that there was no basis for plaintiff to recover damages for the cost or value of those unconditional gifts.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION